UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| GENE RAYMOND MORRILL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> HAROLD W. CLARKE, Director, ) <br> Virginia Department of Corrections, ) <br> ) <br> Respondent. ) <br> ) | Case No.: 2:12cv681 |

## REPORT AND RECOMMENDATION

Before the Court is the Petitioner Gene Raymond Morrill's ("Morrill") Amended Petition for a Writ of *Habeas Corpus*[1] filed pursuant to 28 U.S.C. § 2254 ("Petition"), ECF No. 6, and the Respondent's Motion to Dismiss, ECF No. 14. The Motion was referred for disposition to the undersigned U.S. Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned **DENIES** Morrill's request for an evidentiary hearing on his Petition and disposes of the Motion on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Morrill's claims are procedurally defaulted and time-barred and, therefore, **RECOMMENDS**

---

[1] The Court received Morrill's initial petition on December 14, 2012, which was filed under one case number but which improperly contained two separate *habeas* petitions concerning separate convictions and sentences from different courts. ECF No. 1. On January 4, 2013, the Court directed Morrill to submit the instant Amended Petition, ECF No. 5, which he did on January 15, 2013, along with a brief in support on May 16, 2013, ECF Nos. 6, 10. It is this Amended Petition and the claims contained therein that are the subject of this Report and Recommendation.

the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED** and Morrill's Petition, ECF No. 6, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

After pleading guilty, Morrill was convicted in 2008 in the Stafford County Circuit Court of using a computer to solicit sex with a minor (four counts), using a computer to commit sex acts with a minor (one count), attempted indecent liberties with a minor less than fifteen years old (five counts), and production or possessing for sale obscene material, second offense (ten counts), for which he was sentenced to an active term of twenty years in prison. He did not appeal these convictions or sentences.

As will be discussed *infra*, Morrill never filed a state *habeas* petition. Instead, he submitted the instant Petition, ECF No. 6, his first § 2254, alleging the following: (1) the Stafford County Circuit Court did not have subject-matter jurisdiction to convict him of and sentence him for the above offenses; (2) he did not knowingly, voluntarily, and intelligently plead guilty to the above offenses; (3) his prison does not provide him with adequate mental health and medical treatment as well as certain activities and does not prevent thefts[2]; (4) trial counsel provided ineffective assistance (a) by waiving an exculpatory evidence hearing, (b) by offering incorrect legal advice, (c) by forcing Morrill to waive the formal reading of the charges, (d) by failing to advise him of these charges, their elements, and defenses thereto, his guilty plea, and the statute of limitations, (e) by failing to object to prosecutorial misconduct, (f) by failing to

---

[2] This claim as well as those contained in pages fifteen and seventeen of Morrill's Petition do not sound in *habeas*. *See Crew v. Members of the Commonwealth of Va.*, No. 7:07-cv-00333, 2007 WL 2021892, at *1 n.1 (W.D. Va. July 10, 2007) ("Although Crews complains about the adequacy of his mental health treatment, he does not indicate any desire to sue individual prison officials for violating his constitutional rights related to medical care, pursuant to 42 U.S.C. § 1983."). Accordingly, Morrill is cautioned that this Report and Recommendation in no way makes any determination as to the validity, or lack thereof, of these claims, which must be brought in a separate suit.

object to his presentence report, and (g) by refusing to appeal; (5) the trial court acted improperly by beseeching him to waive formal reading of the charges; (6) the prosecution acted improperly by mischaracterizing certain facts of the above offenses and by not offering him a sentence recommendation for pleading guilty; (7) law enforcement acted improperly during its investigation of the above offenses; (8) his criminal sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution; and (9) he was never informed of the criminal charges against him, having never received a copy of the indictment. The Virginia Attorney General, on behalf of the Respondent, submitted a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* notice on July 19, 2013. ECF Nos. 13-16. Morrill responded to the Respondent's Motion to Dismiss on August 7, 2013. ECF No. 17. The Respondent has not replied, and the time to do so has lapsed. Therefore, the Motion is ripe for disposition.

## II. PROCEDURAL ISSUES

### A. Exhaustion and Procedural Default

Section 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at

3

911). In Virginia, that court is the Virginia Supreme Court. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

The Respondent maintains that Morrill did not exhaust his available state court remedies because he failed to present the substance of his claims to the Virginia Supreme Court. ECF No. 15 at 3, ¶ 8. However, "the exhaustion requirement for claims not fairly presented to the state's highest court . . . is met when a state procedural rule would bar consideration if the claim was later presented to the state court." *Matthews*, 105 F.3d at 911. Virginia Code § 8.01-654(A)(2) provides that "[a] *habeas corpus* petition attacking a criminal conviction or sentence . . . shall be

4

filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." This provision offers an independent and adequate state law ground that bars federal *habeas* review. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (2006). As the instant claims concern convictions and sentences from 2008 that Morrill never appealed, these claims, if now presented to the Virginia Supreme Court, would clearly be time-barred under Virginia Code § 8.01-654(A)(2) and, therefore, are procedurally defaulted.

Morrill may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). However, he cannot demonstrate a fundamental miscarriage of justice because conclusory statements of actual innocence are insufficient, *see, e.g.*, ECF No. 17 at 3, ¶ 10, and he offers no argument, new reliable evidence, or factual contentions to substantiate such a claim, *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added).

"[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Morrill suggests that any procedural default be excused because "[t]he problems that evolved were not [his] fault," ECF No. 6 at 11, and such default is attributable to the ineffective

assistance of trial counsel, *see* ECF No. 17 at 3, ¶ 8 ("The sole reason my indictment claims have not been presented to a state court in any previous applications is because of my court appointed counsel did not object to them at trial and subsequently refused to perfect an appeal."). However, such claim fails because "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). To constitute cause for a second constitutional claim, an ineffective assistance of counsel claim must be exhausted or else it, too, is procedurally defaulted. *Id.* at 453. As Morrill has not presented an ineffective assistance of counsel claim to the Virginia Supreme Court, were he to do so now, the Supreme Court would dismiss it as time-barred pursuant to Virginia Code § 8.01-654(A)(2). Therefore, the undersigned rejects Morrill's assertion that ineffective assistance of counsel constitutes cause to excuse his procedural default. Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding). Accordingly, the undersigned finds the above claims are procedurally defaulted and, thus, must be dismissed.

### B. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations that begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence."[3] 28 U.S.C. § 2244(d)(1)(A), (D). Pursuant to § 2244(d)(1)(D), the limitation period "commences when the factual predicate [of the petitioner's claim] 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by" him. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *see also Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Carter v. Virginia*, No. 3:09cv121, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010). The relevant inquiry, therefore, is "when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." *McKinney v. Ray*, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008). Although Morrill invokes § 2244(d)(1)(D)'s factual predicate exception, which would delay the running of the limitation period to some indefinite future period, "the Court is faced with allegations that are conclusory and unsupported by any evidence." *Allen v. Hancock*, No. 1:11CV123-HSO-JMR, 2011 WL 7461993, at *2 (S.D. Miss. Nov. 9, 2011). Specifically, Morrill does not "offer an explanation of why the factual predicate[s of his claims] could not

---

[3] 28 U.S.C. § 2244(d)(1)(B), which addresses an alternative means by which to calculate the limitation period, is not applicable and will not be discussed here. Additionally, although Morrill believes the limitation period should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(C), the undersigned rejects this call. First, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), to which Morrill cites, has not been made retroactively applicable to cases on collateral review as § 2244(d)(1)(C) mandates. *See United States v. Perez*, No. 7:93-CR-26-01-F1, 2012 WL 5183570, at *3 (E.D.N.C. Oct. 18, 2012) ("The case law changes on which Perez relies have not been made retroactive to cases on collateral review.") (citing *Lafler*, 132 S. Ct. 1376) (other citations omitted). And even if *Lafler* was made retroactively applicable, that case, which concerned an ineffective assistance of counsel claim where the defendant rejected a plea offer and proceeded to trial, does not apply here, where Morrill pleaded guilty and, after the fact, is seeking to withdraw that plea and proceed to trial. The same may be said of the other case Morrill cites to, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which also has not been made retroactive to cases on collateral review. *See Hutchinson v. Crews*, No. 3:13cv128/MJW, 2013 WL 2903530, at *1 (N.D. Fla. June 12, 2013) ("*Martinez* did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, thus it does not meet the exception enumerated in 28 U.S.C. § 2244(b)(2)(A).") (citation omitted). Again, even if *Martinez* was made retroactively applicable, that case, which recognized a new remedy for state criminal defendants claiming their counsel in their collateral post-conviction proceeding failed to adequately challenge the effectiveness of trial counsel, does not apply here, where Morrill did not have post-conviction counsel. *See Brown v. Kerestes*, No. 12-3750, 2013 WL 444672, at *2-3 (E.D. Pa. Feb. 6, 2013) (overruling petitioner's objections to magistrate judge's report and recommendation, whereby the magistrate judge determined "that neither *Martinez* nor *Lafler* . . . created a new constitutional rule made retroactively applicable, as [§ 2244](d)(1)(C) requires").

have been discovered earlier and steps, if any, that were taken to discover his claim[s]," *id.*; rather, his statements that "[t]he one year period of limitation begins to run upon the date which the factual predicate of the claims presented could have been discovered [] through due diligence," ECF No. 17 at 5-6, ¶ 21, and that he "did not read what [his] charges were until late June [20]12," ECF No. 6 at 13, are threadbare. These statements, moreover, do not address the dispositive questions: what are the factual predicates that were not discovered until recently, why could not have they been discovered earlier, and what steps did Morrill take to discover these facts in a diligent and expeditious manner. The undersigned, therefore, rejects Morrill's invocation of § 2244(d)(1)(D) and finds, instead, that § 2244(d)(1)(A) should apply.

In applying that subsection here, the Respondent maintains that Morrill's Petition is time-barred because he should have but did not file it by April 24, 2008. ECF No. 15 at 1, ¶ 6. The undersigned concurs with the Respondent's assessment that Morrill's judgment became final under § 2244(d)(1)(A) on April 24, 2008, when the thirty days to note an appeal from the Stafford County Circuit Court, which entered final judgment on March 25, 2008, to the Virginia Court of Appeals expired. *See* VA. SUP. CT. R. 5A:6(a) ("No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree . . . counsel files with the clerk of the trial court a notice of appeal."); *Smith v. Clarke*, 7:13-cv-00059, 2013 WL 866077, at *1 (W.D. Va. Mar. 7, 2013) ("Petitioner's conviction became final . . . when the time expired for petitioner to note an appeal from the Circuit Court . . . to the Court of Appeals of Virginia.") (citation omitted). The limitations period continued to run for one year thereafter until April 24, 2009, by which date Morrill was required to file his Petition. Because Morrill did

8

not submit his Petition until November 30, 2012,[4] when he placed it in the prison mailing system, ECF No. 1 at 8 ("I declare . . . that this Petition for Writ of *Habeas Corpus* was placed in the prison mailing system on 11-30-2012."), and which is 1,316 days after the limitations period ran, his Petition is clearly time-barred under § 2244(d)(1)(A).

Notwithstanding this finding, equitable tolling may apply here. However, the U.S. Court of Appeals for the Fourth Circuit has proclaimed that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246.

Morrill does not claim that the Respondent, in any way, contributed to the delay in filing the Petition. *See Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (applying equitable tolling where "the plaintiffs were prevented from asserting their claims by some kind

---

[4] The undersigned uses as the filing date when Morrill placed his initial petition in the prison mailing system. *See supra* at 1 n.1.

9

of wrongful conduct on the part of the defendant") (citations omitted). Instead, the only justification he proffers as to why equitable tolling should apply here is that he is "clearly innocent of [the above offense and,] therefore [has demonstrated] a *prima facie* case of actual innocence." ECF No. 17 at 6, ¶ 24. Such threadbare and conclusory statements do not satisfy the "extraordinary circumstances" test. If they did, then many petitioners who are statutorily time-barred could find relief under equitable tolling with nothing more than an unsubstantiated proclamation of innocence, which is in clear contravention of the Fourth Circuit's declaration that this equity "be guarded and infrequent," and "reserved for [] rare instances." *Harris*, 209 F.3d at 330. Therefore, the undersigned finds that Morrill's delay in filing the Petition and his failure to do so within the one-year statute of limitations are of his own doing. The blame may be shifted to no one else.

Although not specifically addressed by Morrill, to the extent he asserts mental incapacity as a ground for equitable tolling, *see* ECF No. 17 at 1 ("Comes, now the petitioner, a ... *mentally impaired* prisoner") (emphasis added), that claim fails as well.

"As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of *profound* mental incapacity," such as when the petitioner is institutionalized or adjudged mentally incompetent. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)) (emphasis added). However, "the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely *habeas* petition." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) (unpublished). A threadbare and conclusory statement by the petitioner that

he is mentally incapacitated, however, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005). "Similarly, proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling." *Adams v. Watson*, No. 7:10-cv-00383, 2010 WL 4065426, at *1 (W.D. Va. Oct. 14, 2010). As Morrill fails to demonstrate in what ways he is mentally incapacitated and how that alleged incapacity is so profound that it inhibited him from timely filing his Petition, any assertion of equitable tolling must fail, and Morrill's Petition remains time-barred.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

Morrill requests throughout his submissions court-appointed counsel. *See, e.g.*, ECF No. 10 at 2 ("This [] petitioner . . . now respectfully requests this court to appoint me appropriate counsel"). However, a constitutional right to such counsel in non-capital federal *habeas* cases does not exist. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citation omitted); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citations omitted). It is within the Court's discretion to appoint counsel to represent an indigent party in a civil matter pursuant to 28 U.S.C. § 1915(e)(1). *See Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (citations omitted). As Morrill fails to demonstrate exceptional circumstances that would warrant the appointment of counsel, *see Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted); *Griffin v. Virginia*, 606 F. Supp. 941, 943 (E.D. Va. 1985) (citation omitted), his request for such counsel is **DENIED**.

### IV. RECOMMENDATION

For these reasons, the undersigned finds Morrill's claims are procedurally defaulted and

time-barred and, therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED** and Morrill's Petition, ECF No. 6, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to amend the Respondent's name in the caption of the case to read, "Harold W. Clarke, Director, Virginia Department of Corrections," and is further **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

                                                  Lawrence R. Leonard
                                                  United States Magistrate Judge

Norfolk, Virginia
October 23, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Gene Raymond Morrill, #1393972/392911
Nottoway Correctional Center
Post Office Box 488
Burkeville, Virginia 23922
*Pro Se* Petitioner

Mr. Eugene Paul Murphy, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

_____
Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
October 24, 2013

14